JUSTICE HASSELL, with whom JUSTICE KEENAN and JUSTICE KOONTZ
join, concurring.
I believe that the result reached by the majority is compelled by the absence of a sufficient record in this appeal.
Article IV, Section 14, of the Constitution of Virginia provides, in part, that: “[t]he General Assembly shall not enact any local, special, or private law . . . [granting to any private corporation, association, or individual any special or exclusive right, privilege, or immunity.” Va. Const, art. IV, sec. 14(18). Article IV, Section 15, Va. Const., provides, in pertinent part:
“In all cases enumerated in the preceding section, . . . the General Assembly shall enact general laws. Any general law shall be subject to amendment or repeal, but the amendment or partial repeal thereof shall not operate directly or indirectly to enact, and shall not have the effect of enactment of, a special, private, or local law.
*27 “No private corporation, association, or individual shall be specially exempted from the operation of any general law, nor shall a general law’s operation be suspended for the benefit of any private corporation, association, or individual.”
The constitutional prohibition against special laws does not prohibit legislative classifications. King v. Neurological Injury Compensation Program, 242 Va. 404, 409, 410 S.E.2d 656, 660 (1991). Rather, the prohibitions require that such classifications be “natural and reasonable, and appropriate to the occasion.” Benderson Dev. Co. v. Sciortino, 236 Va. 136, 140-41, 372 S.E.2d 751, 753 (1988); King, 242 Va. at 409, 410 S.E.2d at 659.
In Mandell v. Haddon, 202 Va. 979, 989, 121 S.E.2d 516, 524 (1961), we observed that:
“[W]e must determine in each case whether [a challenged act] makes an ‘arbitrary separation,’ and this depends upon the purpose and subject of the particular act and the circumstances and conditions surrounding its passage.
“The necessity for and the reasonableness of the classification are primarily questions for the legislature. If any state of facts can be reasonably conceived that would support it, that state of facts at the time the law was enacted must be assumed. Martin’s Ex’rs v. Commonwealth . . . 126 Va. [603,] 612, 102 S.E. [77,] 80, [(1920)]; Joy, Draheim & Cox v. Green ... 194 Va. [1003,] 1009, 76 S.E.2d [178,] 182 [(1953)]. The presumption is that the classification is reasonable and appropriate and that the act is constitutional unless illegality appears on its face.”
I can only conclude, based upon the record before this Court, that Code § 8.01-581.15 does not contravene Virginia’s constitutional prohibition against special legislation. The determinative issue is whether the statute as applied “bear[s] a reasonable and substantial relation to the object sought to be accomplished by the legislation.” Mandell, 202 Va. at 991, 121 S.E.2d at 525. The record before this Court simply does not demonstrate that the challenged statute fails to bear a reasonable and substantial relationship to the object sought to be accomplished by the legislation. In other words, Karl B. Pulliam, executor of the estate of Elnora R. Pulliam, did not present evidence to rebut the presumption that the legislative classification limiting damages was reasonable. He failed to establish that the limitation of *28 damages was unsupported by any reasonably conceivable state of facts at the time the statute was enacted. Thus, he did not meet the standard that must be established before the statute can be declared constitutionally impermissible. I agree with the majority’s resolution of the remaining issues.